UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:09-CV-00061

KEISHA N. NILES and WILLIAM                                          PLAINTIFFS
CHRISTOPHER NILES, Personal
Representatives of the Estate of D.C.N.;
and KEISHA N. NILES and WILLIAM
CHRISTOPHER NILES in their Individual
Capacities as Parents of D.C.N.,

v.

OWENSBORO MEDICAL HEALTH                                             DEFENDANTS
SYSTEM, INC.; EMERGENCY PHYSICIANS
GROUP, P.S.C.; RADIOLOGY IMAGING
CONSULTANTS, S.C.; LOUISVILLE
RADIOLOGY IMAGING CONSULTANTS,
PLLC; OWENSBORO PEDIATRICS, PLLC;
THE WOMEN'S PAVILION, P.S.C.;
MICHAEL F. YEISER, MD; JOHN D.
LAUZON, MD; CHARLES F. HOBELMANN,
III, MD; MARIA E. SMITH, MD; and PAUL
R. ROSEL, MD.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants', Michael F. Yeiser, John D. Lauzon, and Owensboro Pediatrics, Motion to Exclude in Part the Testimony of Roger Lenke [DN 118]. Fully briefed, the matters are ripe for decision. For the reasons that follow, the motion is granted.

### I. BACKGROUND

This case arises out of the death of D.C.N., a 27 day old infant. On August 17, 2008, D.C.N. was taken to the emergency room at OMHS and treated by Dr. Hobelmann, an emergency room physician. Dr. Hobelmann ordered three X-rays which were viewed by both Dr. Hobelmann and Dr. Rosel, a radiologist. Dr. Rosel viewed the images electronically from a Chicago hospital and

claims that only two of the three films were received. OMHS insists that all the films were sent. The "missing" third x-ray contained an image of D.C.N.'s enlarged heart which went undiagnosed. D.C.N. later died from complications related to the heart problem and Plaintiffs filed this action seeking damages for personal injury and wrongful death.

## II. DISCUSSION

Defendants seek to exclude in part the testimony of Plaintiffs' expert, Roger Lenke, a certified obstetrician, under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and Fed. R. Evid. 702. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Rule 702, the trial judge acts as a gatekeeper to ensure that expert testimony is both reliable and relevant. Mike's Train House, Inc. v. Lionel, L.L.C., 472 F.3d 398, 407 (6th Cir. 2006) (citing Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999)). In determining whether certain testimony is reliable, the focus of the Court "must be solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 595. In Daubert, the Supreme Court identified a non-exhaustive list of factors that may assist the Court in assessing the reliability of a proposed expert's opinion including (1) whether a theory or technique can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether the technique has a known or potential rate of error; and (4) whether the theory or technique enjoys "general acceptance" within a "relevant scientific community." Id. at 592-94. This gatekeeping role is not

2

limited only to expert testimony based upon scientific knowledge, but, instead, extends to "all 'scientific,' 'technical,' or 'other specialized' matters within" the scope of Rule 702. Kumho Tire, 526 U.S. at 147-48. Whether the Court applies the Daubert factors to assess the reliability of the testimony of an expert witness "depend[s] on the nature of the issue, the expert's particular expertise, and the subject of his testimony." Id. at 150 (quotation omitted).

In the instant case, Movants concede the fact that Lenke is qualified to testify regarding the conduct of Dr. Maria Smith, Ms. Nile's obstetrician throughout her pregnancy, but argue that Lenke's work in obstetrics does not necessarily qualify him as an expert in the field of pediatrics. The Court agrees. Dr. Lenke has no medical training in pediatrics, lacks the experience necessary to testify as an expert in pediatrics, and admits that he is unqualified to testify in regards to the standard of care applicable to general pediatrics. Although obstetrics and pediatrics are necessarily related, qualification as an expert in one does not per se qualify a doctor as an expert in the other. The Court's finding is further supported by the fact that Plaintiffs secured Dr. Lenke only as an expert in the field of obstetrical care as stated in their Disclosure of Expert Testimony.

Accordingly, the Court finds that Lenke's expert testimony must be excluded to the extent that the testimony relates to the care and treatment rendered by Dr. Yeiser, Dr. Lauzon, and Owensboro Pediatrics.

## III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Exclude in Part the Testimony of Roger Lenke [DN 118] is **GRANTED**.

cc. Counsel of Record