UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:09-CV-00061**

**KEISHA N. NILES and WILLIAM**                                    **PLAINTIFFS**
**CHRISTOPHER NILES, Personal**
**Representatives of the Estate of D.C.N.;**
**and KEISHA N. NILES and WILLIAM**
**CHRISTOPHER NILES in their Individual**
**Capacities as Parents of D.C.N.,**

**v.**

**OWENSBORO MEDICAL HEALTH**                                       **DEFENDANTS**
**SYSTEM, INC.; EMERGENCY PHYSICIANS**
**GROUP, P.S.C.; RADIOLOGY IMAGING**
**CONSULTANTS, S.C.; LOUISVILLE**
**RADIOLOGY IMAGING CONSULTANTS,**
**PLLC; OWENSBORO PEDIATRICS, PLLC;**
**THE WOMEN'S PAVILION, P.S.C.;**
**MICHAEL F. YEISER, MD; JOHN D.**
**LAUZON, MD; CHARLES F. HOBELMANN,**
**III, MD; MARIA E. SMITH, MD; and PAUL**
**R. ROSEL, MD.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion in limine by Defendants to exclude the autopsy report [DN 159, DN 167, DN 168, DN 189]. Fully briefed, the matters are ripe for decision.

Defendants argue that: (1) the autopsy report should be excluded because it lacks indicia of trustworthiness; (2) expert testimony by Dr. Schluckebier should be excluded because she was not disclosed as an expert; and (3) reference to the autopsy report by Plaintiffs' named experts should be excluded because the experts did not rely on the pathology report in forming their expert opinion.

As to the first point, the Court finds that the autopsy report is admissible under Fed. R. Evid. 803(6) as a business record. Despite Defendants' contention, 803(6) does not require a physician

who was present at the autopsy to testify as long as the report itself contains indicia of trustworthiness. See Manocchio v. Moran, 919 F.2d 770, 775 (1st Cir. 1990) ("[T]he introduction of an autopsy report in tandem with live testimony by its preparer might be the optimum course, but in Inadi the [Supreme] Court did not require such an ideal course, but rather permitted admission of the hearsay by itself where its independent reliability warranted."); Montgomery v. Fogg, 479 F. Supp. 363, 370-72 (D.C.N.Y., 1979) (allowing autopsy report despite absent medical examiner).

The rational behind admitting business reports regardless of the declarants availability is that they inherently carry sufficient "indicia of reliability" to "afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement." Mancusi v. Stubbs, 408 U.S. 204, 213 (1972). The autopsy report here meets this standard. It was prepared by Dr. Schluckebier, a licensed pathologist with the Kentucky Medical Examiner's Office, in the performance of her regular and usual course of her official duties. The reliability of the Report is further bolstered by K.R.S. § 72.405(4) which requires an autopsy to be performed "by a medical examiner or by a coroner or deputy coroner who has been certified by the Justice and Public Safety Cabinet." "Indeed, if business records are admissible as an exception to the hearsay rule because they have the earmarks of reliability or probability of trustworthiness then, a fortiori, public records kept pursuant to statute carry greater weight of reliability." Fogg, 479 F. Supp. at 370-71 (quotation omitted). There has been no showing that preparation of the Report violated any statutory or established medical procedures of the Office. Therefore, the autopsy report will be admitted.

Secondly, Defendants' motion to preclude the testimony of Dr. Schluckebier is denied as moot because Plaintiffs have not listed Dr. Schluckebier as a witness they intend to call at trial. Lastly, to the extent that Plaintiffs' remaining experts did rely on the pathology report in basing their

opinion, this testimony will be allowed.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion in limine to exclude the autopsy report [DN 159, DN 167, DN 168, DN 189] is **GRANTED IN PART AND DENIED IN PART** consistent with this Opinion.

cc. Counsel of Record