UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:09-CV-00061

KEISHA N. NILES and WILLIAM                                              PLAINTIFFS
CHRISTOPHER NILES, Personal
Representatives of the Estate of D.C.N.;
and KEISHA N. NILES and WILLIAM
CHRISTOPHER NILES in their Individual
Capacities as Parents of D.C.N.,

v.

OWENSBORO MEDICAL HEALTH                                                 DEFENDANTS
SYSTEM, INC.; EMERGENCY PHYSICIANS
GROUP, P.S.C.; RADIOLOGY IMAGING
CONSULTANTS, S.C.; LOUISVILLE
RADIOLOGY IMAGING CONSULTANTS,
PLLC; OWENSBORO PEDIATRICS, PLLC;
THE WOMEN'S PAVILION, P.S.C.;
MICHAEL F. YEISER, MD; JOHN D.
LAUZON, MD; CHARLES F. HOBELMANN,
III, MD; MARIA E. SMITH, MD; and PAUL
R. ROSEL, MD.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motions in limine to exclude: undisclosed opinions of Dr. Luca Vricella [DN 165]; Plaintiffs' expert witnesses who are not emergency medicine physicians from offering testimony that Dr. Hobelmann deviated from accepted standards of care for emergency room physicians [DN 184]; and plaintiffs' expert witnesses other than Dr. Gregory from offering criticism of the care provided by Dr. Hobelmann [DN 185]. Fully briefed, the matters are ripe for decision.

Defendant Owensboro Medical Health Systems ("OMHS") argues that the opinions of Dr. Vricella concerning allegations of negligence against OMHS staff must be excluded because Dr.

Vricella had not previously alleged that OMHS staff contributed to the death of D.C.N. Similarly, Dr. Hobelmann and the Emergency Physicians Group seek to exclude Plaintiffs' expert witnesses other than Dr. Gregory who will testify as to the negligence of Dr. Hobelmann because no other experts offered criticisms of Dr. Hobelmann's care. However, the Court's review of Vricella's report and deposition make clear that Vricella was critical of the care provided to D.C.N. by both OMHS and Dr. Hobelmann. In particular, Vricella stated in his deposition that it would be impossible to die from aortic coarctation and have a normal physical exam the day prior. Therefore, according to Vricella, D.C.N.'s enlarged heart remained undiagnosed because his vital signs were taken inaccurately, incompletely, or recorded incorrectly pursuant to tests conducted by both OMHS staff and Dr. Hobelmann. (See Vricella Dep. 180-81.) It follows that Dr. Hobelmann's alleged negligence in not ordering an echocardiogram and neglecting the x-ray film stems from his or the hospital staff's negligence in failing to properly identify or record the irregular vital signs. Accordingly, Dr. Vricella will be permitted to testify as to the negligence of OMHS staff and Dr. Hobelmann. Furthermore, to the extent that Dr. Hobelmann and the Emergency Physicians Group have sought to exclude the testimony of Plaintiffs' experts other than Dr. Vricella, the Court denies the motions as overly broad.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motions in limine to preclude the testimony of Dr. Vricella is **DENIED**.

cc. Counsel of Record