UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:09-CV-00061-JHM

KEISHA N. NILES and WILLIAM                                                        PLAINTIFFS
CHRISTOPHER NILES, Personal
Representatives of the Estate of D.C.N.;
and KEISHA N. NILES and WILLIAM
CHRISTOPHER NILES in their Individual
Capacities as Parents of D.C.N.,

v.

OWENSBORO MEDICAL HEALTH                                                           DEFENDANTS
SYSTEM, INC.; EMERGENCY PHYSICIANS
GROUP, P.S.C.; RADIOLOGY IMAGING
CONSULTANTS, S.C.; LOUISVILLE
RADIOLOGY IMAGING CONSULTANTS,
PLLC; OWENSBORO PEDIATRICS, PLLC;
THE WOMEN'S PAVILION, P.S.C.;
MICHAEL F. YEISER, MD; JOHN D.
LAUZON, MD; CHARLES F. HOBELMANN,
III, MD; MARIA E. SMITH, MD; and PAUL
R. ROSEL, MD.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' motions in limine as to various matters [DN 188]. Defendants have made objections. [DN 223, DN 226, DN 229, DN 230]. Fully briefed, the matters are ripe for decision. The Court will discuss each motion in turn.

**1. Medical Books, Articles, Treatises, Journals, Periodicals, and Pamphlets**

Plaintiffs seek to prohibit the introduction or reference at trial to excerpts from medical books, articles, treatises, journals, periodicals, and pamphlets. Plaintiffs argue that the use of the above materials is inappropriate because Defendants' expert disclosures contain no indication that these experts relied on any of these items in forming their opinions pursuant to Fed. R. Civ. P.

26(a)(2)(B).

Defendant, Owensboro Medical Health System ("OMHS"), objects to the motion in limine arguing that the plain language of Rule 26(a)(2)(B) does not reference these types of materials. Instead, Rule 26 requires the expert to only list any exhibits to be used as a summary of or support for the opinions. OMHS contends that medical books, articles, treatises, periodicals and pamphlets are not exhibits pursuant to Fed. R. Evid. 803(18). [DN 226]. Defendants, Charles Hobelmann and Emergency Physicians Group, object arguing that "Plaintiffs have made a strategic decision not to depose Defendants' expert[] witnesses and such witnesses should not be prohibited in discussing such medical articles and related material." [DN 229]. However, in their objections, the Defendants do not cite to any specific medical books, articles, treatises, journals, periodicals, and pamphlets identified by the experts in their reports, nor have Defendants identified any specific medical reference they seek to utilize on direct examination. The remaining Defendants do not object to this motion in limine.

First, Defendants are prohibited from questioning their expert witnesses on direct examination regarding medical books, articles, treatises, journals, periodicals, and pamphlets that the experts never previously referred to or disclosed in their expert report or deposition testimony. Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert's report "to contain a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming [his opinions]," as well as "any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). "Rule 26 requires an expert's report to disclose the materials he is using in support of his opinions. Parties cannot simply have their experts discuss anything that has been designated as a trial exhibit." Smith v. Pfizer, Inc., 2010

WL 1963379, *9 (M.D. Tenn. May 14, 2010).

Furthermore, any such medical books, articles, treatises, journals, periodicals, and pamphlets were required to be disclosed no later than June 7, 2011, pursuant to the Court's Scheduling Order of September 14, 2010, which provided that "counsel for the parties shall file . . . a final list of exhibits, including charts, drawings, reproductions, tangible objects and documents, **which are to be used in any manner during trial, regardless of whether or not the item is to be offered into evidence**." [DN 85(emphasis added)].

Second, in as much as the Defendants can demonstrate that such medical books, articles, treatises, journals, periodicals, and pamphlets have been disclosed in their expert's reports, these excerpts may be read into evidence, but may not be marked and received as an exhibit. Under the learned treatise exception, "statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice" may be read into evidence, although they may not be received as exhibits. Campos v. MTD Products, Inc., 2009 WL 2252257, *18 (M.D. Tenn. July 24, 2009)(citing Fed. R. Evid. 803(18)). The use of such materials is limited to the situation in which the material is "called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination." Id. Therefore, in accordance with Rule 803(18) none of learned treatises or articles relied upon by any of the experts can be marked or received as an exhibit.

Thus, Plaintiff's motion in limine is **granted in part and denied in part** consistent with this Opinion.

**2. Defendants' Ability to Pay a Judgment**

The motion by Plaintiffs to exclude any arguments or evidence concerning the Defendants' ability or inability to pay a damage award is **granted**. Defendants do not object.

**3. Potential Effects of a Jury Verdict**

The motion by Plaintiffs to exclude any evidence or argument that a jury verdict against the Defendants would have a negative impact on their professional careers is **granted**. Plaintiffs are likewise prohibited from commenting on how a verdict for the Plaintiffs would benefit them or how a defense verdict would harm them. See Hardaway Mgmt. Co. v. Southerland, 977 S.W.2d 910, 916 (Ky.1998)("It has been the law of this Commonwealth for almost one hundred years that in an action for punitive damages, the parties may not present evidence or otherwise advise the jury of the financial condition of either side of the litigation.").

**4. Evidence or Argument Concerning the Burden of Proof**

Plaintiffs seek to exclude any evidence or argument concerning the burden of proof. Defendants object in part stating that the parties should only be restricted from using the specific words "burden of proof" but not from using "burden of persuasion" or other similar terms. Defendants maintain that discussion or argument at trial that Plaintiffs bear the burden of persuasion in the case is appropriate. Defendants maintain that they should be permitted to argue that the Plaintiffs have failed to prove their case and/or any of the elements of a prima facie case of medical negligence.

Kentucky law provides that juries are not to be instructed on the burden of proof in a civil case. See Utilities Appliance Co. v. Toon's Adm'r, 45 S.W.2d 478,479 (1932)("[T]he jury should not be told specifically upon whom the burden rests."). However, under Kentucky law, the

instructions are to "be framed so as to approximately indicate which litigant has the affirmative burden of persuasion." Rankin v. Blue Grass Boys Ranch, Inc., 469 S.W.2d 767, 773 (Ky. 1971). Palmore's Kentucky Instructions to Juries, § 13.11[F] ("[I]t is necessary for the instructions to reflect that the burden of proof by requiring that the jury be convinced of a certain fact in order to find in favor of the party whose burden it is to prove it is so. . . .").

While aware of this case law, the Court's practice in diversity cases is to instruct the jury on the preponderance of the evidence standard. The Court recognizes that the allocation of the burden of proof is a matter governed by state law. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938)(the federal court is to apply state substantive law in a diversity case); Safeco Ins. Co. of America v. City of White House, Tennessee, 191 F.3d 675, 681 (6th Cir.1999). None of the parties dispute that the burden of proof in a medical malpractice case in Kentucky lies with Plaintiffs. However, the Court is of the view that the form or manner of giving the instruction is controlled by federal law. See Broadcast Satellite Intern, Inc. v. National Digital Television Center, Inc., 323 F.3d 339, 347 (5th Cir. 2003) (citing Turlington v. United States Fidelity & Guar., 795 F.2d 434, 439, 441 (5th Cir.1986)); King v. Ford Motor Co., 209 F.3d 886, 897 (6th Cir. 2000)("In a diversity action, state law determines the substance of the jury instructions; however, questions regarding the propriety of the instructions are governed by federal procedural law." ). See also Asher v. Unarco Material Handling, Inc., 2008 WL 6808437, *1 (E.D. Ky. October 15, 2008)(denying plaintiffs' motion in limine to preclude mention of the burden of proof); Harman v. Sullivan University System, Inc., 2006 WL 861269, *2 (W.D. Ky. March 29, 2006)(same). For these reasons, the motion by Plaintiffs to exclude any evidence or argument concerning the burden of proof is **denied**.

**5. Conduct of Any Individuals or Entities Not Parties to this Action**

Plaintiffs seek to exclude any evidence or argument suggesting that other persons or entities not party to this action are at fault or suggesting that any other persons or entities should have been sued, but were not sued. Plaintiffs contend that there have been no expert witness disclosures by the Defendants asserting potential liability of any such entities. Plaintiffs maintain that apportionment of fault to such entities would be inappropriate under KRS § 411.182. To the extent that Plaintiffs' motion relates solely to individuals or entities which have never been parties to this suit, the motion is **granted**. The Court will address the admissibility of evidence related to the fault of the Pediatric Defendants by separate opinion.

**6. Plaintiffs Employment of Attorney**

Plaintiffs' motion to exclude any reference to the manner, time, or circumstances under which Plaintiffs employed an attorney or the nature of the attorney's fee arrangement is **granted.** Defendants do not object to this motion.

**7. Settlement Discussions**

Plaintiffs' motion to exclude any evidence or argument concerning settlement discussions is **granted**. Defendants do not object to this motion.

**8. Evidence or Argument that an Award will Result in Unjust Enrichment or the Plaintiffs "Hitting the Lottery"**

Plaintiffs seek to exclude any reference or suggestion that a verdict for Plaintiffs will result in unjust enrichment, that the Plaintiffs are trying to "hit the lottery," or some other similar emotional appeal. Defendants, Maria Smith and The Women's Pavilion, do not object to this motion. Defendants, OMHS, Charles Hobelmann, and Emergency Physicians Group, object arguing

that some courts have held that such isolated comments during closing argument do not result in reversible error requiring a new trial.  Adams v. Squibb, 128 S.W.3d 149, 154 (Mo. Ct. App. 2004).

Any suggestion by defense counsel that compares the Plaintiffs' case to the lottery or suggest that the award would result in unjust enrichment would be inappropriate.  Schoon v. Looby, 670 N.W.2d 885, 891 (S.D. 2003)("The comments denigrated the fairness, integrity, and public perception of the judicial system.  Counsel's reference to playing "lotto" or "powerball" or "rolling the dice" were only meant to inflame the jury and were beyond the bounds of proper final argument."); Murphy v. International Robotic Sys., Inc., 766 So. 2d 1010, 1032 (Fla. 2000) (prosecutor's likening of plaintiff's case to "cashing in on a lottery ticket" is improper); State v. Cruz, 800 A.2d 1243, 1255 ( Conn. Ct. App. 2002)(lottery reference in closing argument was inappropriate).  Such arguments are improper and designed solely to inflame the passions of the jury. For these reasons, the motion by Plaintiffs to exclude any evidence or argument that an award will result in unjust enrichment or the Plaintiffs "hitting the lottery" is **granted.**

**9.  Motive or Purpose of the Lawsuit**

The motion by Plaintiffs to exclude any suggestion or evidence that a motive, purpose, or result of this lawsuit is or will be to compensate Plaintiffs' counsel is **granted.**  Defendants do not object to this motion.

**10.  Misstatements of the Legal Standard of Care for Physicians**

Plaintiffs seek to prohibit the Defendants and their witnesses from misstating the legal standard of care for physicians in this case.  Defendant, OMHS, does not object to this motion. The remainder of the Defendants respond by "agree[ing] that the substantive law of Kentucky applies in this case."  For these reasons, the motion by Plaintiffs is **granted**.

7

**11. Expert Witness Opinions**

Plaintiffs seek to prohibit the Defendants from eliciting any opinion testimony from their experts beyond the disclosures filed pursuant to Rule 26 and the Court's Pre-trial Order and any supplements thereto. See City of Owensboro v. Kentucky Utilities, Co., 2008 WL 4642262, *3-*4 (W.D. Ky. October 14, 2008). In response, Defendants, OMHS, Charles Hobelmann, and Emergency Physicians Group, indicate that while they don't object to an order precluding both parties from introducing new expert opinions, it is anticipated that Defendants' experts will elaborate on their reports at the time of trial. Additionally, Defendants argue that Plaintiffs chose not to take the depositions of Defendants' experts and by not doing so, Plaintiffs chose not to avail themselves of the opportunity to learn in greater detail the opinions of the defense experts.

Under Rule 26, a party using an expert witness must disclose a report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). "The purpose of the rule is to eliminate 'unfair surprise to the opposing party.'" Muldrow ex rel. Muldrow v. Re-Direct, Inc., 493 F.3d 160, 167 (D.C. Cir.2007) (citing Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.1995)). However, "[s]ection 26(a)(2)(B) does not limit an expert's testimony simply to reading his report." Thompson v. Doane Pet Care Co., 470 F.3d 1201, 1203 (6th Cir. 2006). Instead, "[t]he rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." Id. Courts are not concerned with experts that merely elaborate upon their expert report, but experts that testify as to "a wholly new, previously unexpressed opinion." In re Frazin, 2008 WL 5214036, *31 n. 39 (Bankr. N.D. Tex. Sept. 23, 2008).

Therefore, the expert witnesses called at trial are precluded from offering any new expert

opinions. However, these experts may elaborate and explain the opinions and findings contained in their expert report. Thus, the motion in limine is **granted**.

**12. Reference to Employment Status of Defense Counsel's Parents**

Plaintiffs represent that "[i]t is common practice of one of the defense counsel in this case to attempt to inform jurors that his father is a retired Lutheran minister and his mother teaches brain damaged children." Plaintiffs seek to preclude defense counsel from making these comments because they are not relevant and could unduly prejudice or influence jurors determinations of the issues to be decided in this case. Defendants, Maria Smith and The Women's Pavilion, do not object as long as this applies to all counsel. Defendants, OMHS, Charles Hobelmann, and Emergency Physicians Group, object arguing that the attorneys should be permitted to discuss their family members or personal experiences in voir dire, opening, and closing.

Generally, courts afford counsel great latitude in making opening and closing arguments to the jury. Anecdotes and personal experiences, including those involving counsel's family members, are common place in both opening and closing arguments. Plaintiffs offer no case law in support of their argument that such topics are improper. The Court will instruct the jury that the lawyers' arguments and statements are not evidence. While the Court would prefer counsel to focus on the case when making opening and closing arguments, the Court will not be overly concerned with occasional references to family members or personal experiences. For these reasons, the motion in limine is **denied.**

**13. Jury of Peers Argument**

The motion in limine by Plaintiffs to prohibit defense counsel from suggesting to the jury that the Defendants are unable to get a fair trial because they are not being judged by a jury of their

peers, i.e. by physicians, is **granted.** Defendants have no objections to this motion. This motion does not prohibit the parties from questioning the prospective jurors on whether any of them are emergency room physicians. Likewise, it does not prohibit counsel from asking the jury if they have heard the phrase "jury of his/her peers," if necessary, in voir dire.

**14. Ad Hominem Personal Attacks on Plaintiffs' Counsel**

The motion in limine by Plaintiffs to prohibit counsel from personally attacking opposing counsel is **granted.** Defendants do not object to this motion.

**15. Prior Convictions**

Plaintiffs move to exclude any evidence of prior convictions of Plaintiffs, Keisha Niles or Chris Niles. Plaintiffs state that "[n]o evidence responsive to inquiries of Defendants has been elicited indicating that either of the Plaintiffs, Keisha Niles or Chris Niles, has been convicted of an impeachable offense." Additionally, Plaintiffs argue that any questions regarding criminal convictions during the trial would be irrelevant, unduly prejudicial, and not properly admissible for impeachment purposes. In response, Defendants note that Mr. Niles testified in his deposition that he plead guilty to felony possession and trafficking charges in 2006.

Fed. R. Evid. 609(a)(1) provides that, for impeachment purposes, evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the Plaintiff. However, the record does not reflect whether Mr. Niles has been actually convicted of a crime punishable by imprisonment in excess of one year. Specifically, Mr. Niles testified that "I plead to a low felony that would be amended to a misdemeanor after a certain period of time." (Chris Niles Dep. at 36.) Furthermore, the parties not have made any arguments

to support their position on whether the probative value of admitting this evidence in a medical malpractice case outweighs its prejudicial effect. Therefore, at this time the Court cannot make a determination of the admissibility of this evidence. If any party seeks to introduce the previous criminal conviction of Mr. Niles, counsel shall indicate that intention at trial and get prior approval.

For these reasons, **IT IS HEREBY ORDERED** that the motion in limine by Plaintiffs as to various matters [DN 188] is **GRANTED IN PART, DENIED IN PART, AND RESERVED IN PART** consistent with this Opinion.

cc: counsel of record