UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:09-CV-00061

KEISHA N. NILES and WILLIAM                                            PLAINTIFFS
CHRISTOPHER NILES, Personal
Representatives of the Estate of D.C.N.;
and KEISHA N. NILES and WILLIAM
CHRISTOPHER NILES in their Individual
Capacities as Parents of D.C.N.,

v.

OWENSBORO MEDICAL HEALTH                                               DEFENDANTS
SYSTEM, INC.; EMERGENCY PHYSICIANS
GROUP, P.S.C.; RADIOLOGY IMAGING
CONSULTANTS, S.C.; LOUISVILLE
RADIOLOGY IMAGING CONSULTANTS,
PLLC; OWENSBORO PEDIATRICS, PLLC;
THE WOMEN'S PAVILION, P.S.C.;
MICHAEL F. YEISER, MD; JOHN D.
LAUZON, MD; CHARLES F. HOBELMANN,
III, MD; MARIA E. SMITH, MD; and PAUL
R. ROSEL, MD.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for leave to designate portions of depositions by Defendant Owensboro Medical Health System [DN 145], Defendant Maria Smith and Defendant The Women's Pavilion [DN 148], Defendant Emergency Physicians Group and Defendant Charles Hobelmann [DN 149], and Defendant Louisville Radiology Imaging [DN 150] and a motion in limine by Plaintiffs to exclude evidence of or reference to the former pediatric Defendants' alleged negligence and potential liability [DN 187]. Fully briefed, the matters are ripe for decision.

Defendants argue that because co-defendants Dr. Yeiser, Dr. Lauzon, and Owensboro Pediatrics were recently voluntarily dismissed from this action, portions of the depositions from

Plaintiffs' former experts, Drs. Chabon and Halberstadt, must be introduced for the purposes of apportionment. Plaintiffs contend that Defendants' motions should be denied for failing to comply with both the Court's Scheduling Order and the hearsay rules. Plaintiffs also argue that evidence of the pediatric Defendants' fault is inadmissible pursuant to Kentucky's apportionment statute and equitable estoppel.

Although the deadline to designate portions of depositions in this case was June 21, 2011, the Court does not find that Defendants' three day tardiness results in unfair prejudice to Plaintiffs. It was not until after the deadline had passed that Plaintiffs opted to voluntarily dismiss the pediatric Defendants from this case. Therefore, prior to the deadline, Defendants were unaware that the deposed pediatric experts would no longer be utilized by Plaintiffs at trial. As a result, Defendants could not have retained their own pediatric expert after learning of Plaintiffs' intent and have contemporaneously complied with the Court's Scheduling Order. With only several weeks separating Plaintiffs' dismissal of the pediatric Defendants from the start of trial, Defendants cannot retain a pediatric expert witness of their own without causing significant delay. Therefore, the Court finds modification of the Scheduling Order to be appropriate.

"'The Sixth Circuit . . . generally forbids a party from calling the opposing party's expert as a witness at trial, even if the opposing party does not intend to use that expert.'" Hammons v. Simmons, 2010 WL 3490994, at *1 (W.D. Ky. Aug. 31, 2010) (quoting R.C. Olmstead, Inc. v. CU Interface, LLC, 657 F. Supp. 2d 899, 903 (N.D. Ohio 2009)). However, these cases dealt with consulting experts, or experts who had been re-designated as non-testifying experts, and experts who had not yet given depositions. Here, the experts were originally designated as testifying experts and were deposed without objection by the Plaintiffs. Thus, the issue is whether a party may utilize the

testimony of an opposing party's expert once that expert has been deposed. The Court agrees with Rubel v. Eli Lilly & Co.,160 F.R.D. 458 (S.D.N.Y. 1995), wherein it found that Rule 26(b)(4)(B) had no applicability to the issue when the expert had been deposed without objection. Instead, the issue should be governed by Fed. R. Evid. 403.

Fed. R. Evid. 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Evidence of the potential fault of the pediatric Defendants is relevant because of Kentucky's apportionment statute, K.R.S. § 411.182. And despite Plaintiffs' argument to the contrary, an apportionment instruction is proper even though the pediatric Defendants have been dismissed.

It is well-settled that Kentucky's "comparative negligence statute . . . preclude[s] the adjudication of liability of persons or legal entities who are neither before the court nor are settling tort-feasors." Copass v. Monroe Cnty. Med. Found., Inc., 900 S.W.2d 617, 620 (Ky. Ct. App. 1995). The court in Baker v. Webb, 883 S.W.2d 898 (Ky. Ct. App. 1994) explained:

> [T]he thrust of KRS 411.182, considered in its entirety, limits allocation of fault to those who actively assert claims, offensively or defensively, as parties in the litigation or who have settled by release or agreement. When the statute states that the trier-of-fact shall consider the conduct of "each party at fault," such phrase means those parties complying with the statute as named parties to the litigation and those who have settled prior to litigation, not the world at large.

See Bass v. Williams, 839 S.W.2d 559, 564 (Ky. Ct. App. 1992) ("KRS 411.182 applies to persons named as parties, regardless of how named, and those persons who bought their peace from the litigation by way of releases or agreements."), *overruled in part on other grounds by* Regenstreif v. Phelps, 142 S.W.3d 1 (Ky. 2004). However, neither the plain language of Kentucky's comparative fault statute or Kentucky law draw a distinction as between types of "settling tort-

3

feasors." See Floyd v. Carlisle Const. Co., Inc., 758 S.W.2d 430, 432 (Ky. 1988) ("If there is an active assertion of a claim against joint tortfeasors, and the evidence is sufficient to submit the issue of liability to each, an apportionment instruction is required whether or not each of the tortfeasors is a party-defendant at the time of trial."); Adam v. J.B. Hunt Transp., Inc., 130 F.3d 219, 228 (6th Cir. 1997) (applying Kentucky law, court found that "if there has ever been an active assertion of a claim against the third party-if the third party has been impleaded by the original defendant, in other words-liability can be apportioned to the third-party defendant notwithstanding a dismissal prior to trial"). In other words, it is of no consequence that the pediatric Defendants in this case were unilaterally dismissed by Plaintiffs without a settlement because "section 411.182 apportionment encompasses named parties, including third-party defendants and *parties dismissed for whatever reason*, and settling parties or settling nonparties." Barnes v. Owens-Corning Fiberglas Corp., 201 F.3d 815, 824 (6th Cir. 2000) (emphasis added). Accordingly, as applied to the facts here, "[a] tortfeasor who is not actually a defendant is construed to be one for purposes of apportionment if he . . . was named as a defendant in the plaintiff's complaint even though the complaint was subsequently dismissed as to him." Floyd, 758 S.W.2d at 432. Because Owensboro Pediatric Group, Michael Yeiser, and John Lauzon were named parties to this litigation and were then subsequently dismissed from the action, evidence of their fault is admissible.

The Court also rejects Plaintiffs' claim that Defendants should be equitably estopped from now arguing comparative fault on behalf of the pediatric Defendants since that argument was not made prior to their dismissal. As an initial matter, "comparative fault, or comparative negligence as it is sometimes called, is not required to be pled in a responsive pleading. Rather, it may be raised in 'pleadings, briefs, tendered instructions, post-trial motions, or the appeal itself, in order to be

4

properly "preserved."'" Goheen v. DiLaura, 2008 WL 1991621, at *5 (Ky. Ct. App. May 9, 2008) (quoting Commonwealth Transp. Cabinet v. Morrison, 715 S.W.2d 899, 901 (Ky. Ct. App. 1986). Furthermore, Plaintiffs cannot establish the elements to make out an equitable estoppel claim. "Under Kentucky law, equitable estoppel requires both a material misrepresentation by one party and reliance by the other party." Fluke Corp. v. LeMaster, 306 S.W.3d 55, 62 (Ky. 2010). In order to establish the equitable estoppel defense a party must prove the following elements:

> (1) conduct which amounts to a false representation of concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. And, broadly speaking, as related to the party claiming estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

Id. (quotation omitted). First, Plaintiffs have not put forth any facts indicating that Defendants intentionally mislead Plaintiffs to believe they would not allege comparative fault against the pediatric Defendants. Secondly, Plaintiffs were clearly aware of the facts surrounding potential liability on the part of the pediatric Defendants since they thoroughly pursued a claim against the pediatric Defendants for alleged negligence. Lastly, Plaintiffs have not indicated how they relied to their detriment on Defendants failure to previously plead comparative fault. Accordingly, the estoppel claim is without merit and will not preclude the ability of Defendants to introduce evidence of the pediatric Defendants' fault.

Regarding Fed. R. Evid. 403, the Court finds that the probative value of the evidence of the

potential fault of the pediatricians is not outweighed by the danger of unfair prejudice. The Plaintiffs asserted a claim against the pediatricians and introduced evidence of their fault. The Plaintiffs voluntarily dismissed the pediatricians. Any prejudice they may suffer as a result is not unfair, with one exception. No party will be permitted to reveal to the jury that Plaintiffs originally hired the pediatric experts. This evidence would be highly prejudicial and irrelevant to the underlying issue of medical malpractice. See Guinn v. CRST Van Expedited, Inc., 2011 WL 2414394, at *2 (W.D. Okla. June 10, 2011) ("[S]everal decisions discussing the opposing party's use of the adverse party's expert testimony after the expert has been withdrawn have focused on the potential prejudice resulting from disclosure to the jury of the fact that the expert was first hired by one party and then called as a witness by the adverse party.").

Accordingly, the deposition testimony of Plaintiffs' pediatric experts is admissible pursuant to Fed. R. Civ. P. 32(a)(4)(B) - Using Depositions in Court Proceedings. Defendants have indicated that Plaintiffs' former designated experts are located more than 100 miles from the courthouse and are therefore unavailable for purposes of the Rules.

Notwithstanding admissibility of the depositions under Rule 32, Plaintiffs argue that the testimony is inadmissible hearsay under Fed. R. Evid. 804(b)(1) which provides:

> (b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (1) Former Testimony. Testimony given as a witness at another hearing . . . if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Specifically, Plaintiffs argue that they lacked a similar motive to develop the pediatric expert's testimony because the experts were contracted to testify for Plaintiffs, not against.

6

However, because the depositions are admissible under Rule 32(a)(4)(B), the requirements for admissibility set forth in Rule 804(b)(1) are inapplicable. Under Fed. R. Evid. 802, "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." A review of Rule 802's advisory committee's notes reveals that Rule 32 is one of these "other rules" not subject to the limitations on hearsay. See Fed. R. Civ. P. 32 (advisory committee's note stating that Rule 32(a) was intended to "eliminate[ ] the possibility of certain technical hearsay objections which are based, not on the contents of deponent's testimony, but on his absence from court"). Several circuits have also found that "Rule 32(a) is an independent exception to the hearsay rule." Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 914 (9th Cir. 2008) (citing Ueland v. United States, 291 F.3d 993, 996 (7th Cir. 2002) ("Rule 32(a), as a freestanding exception to the hearsay rule, is one of the 'other rules' to which Fed. R. Evid. 802 refers. Evidence authorized by Rule 32(a) cannot be excluded as hearsay, unless it would be inadmissible even if delivered in court."); Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 962-63 (10th Cir. 1993) ("Deposition testimony is normally inadmissible hearsay, but Fed. R. Civ. P. 32(a) creates an exception to the hearsay rules."); S. Indiana Broadcasting, Ltd. v. FCC, 935 F.2d 1340, 1341-42 (D.C. Cir. 1991) (same); United States v. Vespe, 868 F.2d 1328, 1339 (3d Cir. 1989) (Rule 32 "constitutes an independent exception to the hearsay rule"); Carey v. Bahama Cruise Lines, 864 F.2d 201, 204 (1st Cir. 1988) (same)). Because the Court finds the deposition testimony admissible under Rule 32(a)(4)(B), Rule 804 is not relevant to the analysis.

## CONCLUSION

Having considered the specific circumstances presented here, the Court concludes that Defendants will be permitted to utilize the designated deposition testimony of Drs. Chabon and

Halberstadt at the trial of this matter, with the one exception noted above. Accordingly, Plaintiffs' objection to the use of that testimony is overruled.

**IT IS HEREBY ORDERED** that Defendants' motions for leave to designate portions of depositions [DN 145, DN 148, DN 149, DN 150] is **GRANTED**. Plaintiffs' motion to exclude evidence of or reference to former pediatric defendants' alleged negligence and potential liability [DN 187] is **DENIED**.

cc. Counsel of Record